UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK M. BAFFORD,

        Plaintiff,

vs.                                               Case No. 8:08-cv-724-T-27TGW

TOWNSHIP APARTMENTS ASSOC., LTD
et al.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. The *pro se* Complaint (Dkt. 1) is a transparent attempt by Plaintiff to re-litigate matters previously adjudicated on the merits by this Court in an earlier filed case. Accordingly, this action is patently frivolous, harassing, and vexatious and is therefore properly dismissed with prejudice before service of process. Moreover, the Court finds that Plaintiff's abusive litigation activities justify the issuance of a *Martin-Trigona* injunction and directs Plaintiff to show cause in writing why an injunction should not issue.

### Background

1.    *Plaintiff's litigation activities*

This is the fifth federal lawsuit filed by Plaintiff Frank Bafford against common defendants or related defendants arising from his unsuccessful attempt to purchase the Township Apartments. (*See* Case Nos: 8:04-cv-1502, 8:06-cv-657, 8:06-cv-1556, 8:06-cv-1940, 8:08-cv-724). He asserts claims pursuant to 42 U.S.C. § 1981 and § 1982, alleging that he was discriminated against based

1

on his race when Defendant Township Apartments Associates, Ltd., ("Township") the owner of 348 apartments located in 13 separate apartment complexes ("subject property"), refused to sell the properties to him. He also purports to bring a specific performance claim. All of the claims included in the instant Complaint have either previously been dismissed with prejudice or summary judgment has been entered against Plaintiff on them.

In the first federal case, (8:04-cv-1502), filed on June 25, 2004, the Honorable James S. Moody dismissed with prejudice Plaintiff's claim pursuant to the Fair Housing Act and granted Plaintiff's request to pursue the remainder of his claims in state court, dismissing those claims without prejudice. (Dkt. 90 at 2-3). In that case Plaintiff, proceeding *pro se*, filed a number of frivolous motions which were summarily denied.[1] Plaintiff's appeal was dismissed by appellate court. (Dkt. 124).

On April 12, 2006, Plaintiff filed Case No. 8:06-cv-657. This Court dismissed Plaintiff's claim for specific performance with prejudice. (Dkt. 107). Plaintiff's motion to amend to add a specific performance claim was denied. (Dkt. 244). In a lengthy order on the parties' cross-motions for summary judgment, this Court held that Township was entitled to judgment as a matter of law on Plaintiff's claims pursuant to § 1981 and § 1982. (Dkt. 339). In the November 30, 2007 Order, Plaintiff's argument that there was a prior state court agreement that had preclusive effect on this Court's ruling was rejected. (Dkt. 339 at 18-21). Plaintiff's appeal has been dismissed by the

---

[1] *See e.g.*, "Motion to Enter Rulings" (Dkt. 87), "Motion to Stay" (Dkt. 92), "Motion for Reconsideration" (Dkt. 94), "Motion to Enter Ruling for Possible Appeal on the Specific Performance Count" (Dkt. 95), "Motion to Order Investigation" (Dkt. 96), "Motion for Recusal" (Dkt. 97), "Motion to Enter Rulings on Pending Motions" (Dkt. 101), "Motion to Vacate Bias, Prejudice, and Fraudulent Ruling" (Dkt. 102), "Notice of Apology" (Dkt. 103), "Motion for Relief from Judgment" (Dkt. 107), "Motion to Reopen Case" (Dkt. 109), "Motion for Clarification and Reconsideration" (Dkt. 111), "Motion to Allow to Resubmit Argument on Reopening Case Due to Medication Impairment" (Dkt. 113), and "Motion to Reopen Case Pursuant to Fifth Amendment" (Dkt. 122).

appellate court. (Dkt. 370).

In the November 30, 2007 Order, this Court noted that the "case has consumed an inordinate amount of judicial time and labor, due in no small part to Plaintiff's litigation tactics and obstructive conduct." (Dkt. 339 at 22). The Court summarized Plaintiff's abusive litigation tactics, including the filing of <u>115 non-substantive motions and notices</u>. (Dkt. 339 at 21-23). As a result of Plaintiff's repeated filing of reconsideration motions, Plaintiff was prohibited from seeking reconsideration without leave of Court. (Dkt. 127). Nonetheless, after this Court granted Plaintiff leave to file a motion for reconsideration of the November 30, 2007 Order (Dkt. 345), Plaintiff filed an additional four motions that effectively sought reconsideration.[2] Consequently, on December 20, 2007, this Court prohibited Plaintiff from filing any further pleadings without leave of court, with the exception of a Notice of Appeal, which Plaintiff filed. (Dkt. 359).

While Case No. 8:06-cv-657 was ongoing, Plaintiff filed Case No. 8:06-cv-1556 on August 24, 2006. The Honorable Susan C. Bucklew transferred that case to this Court pursuant to Local Rule 1.04, due to its relatedness to Case No. 8:06-cv-657. (Dkt. 6). Plaintiff immediately filed a "Motion to Reconsider Transfer of Case and Motion to Dismiss without Prejudice, Case will be Filed again in Future," requesting that Judge Bucklew reconsider transfer of the case to this Court and warranting that he would file an amended complaint to eliminate the relatedness. (Dkt. 7). The Court dismissed that case with prejudice and directed Plaintiff to file all future motions in Case No.

---

[2] "Motion for Clarification on Contradicting Orders (Which Stands)" (Dkt. 351), "Motion to Correct Due Process Violations and Enter Bad Faith Default, Motion to Withdraw Orders on Spoliation as Unconstitutional, to Enter Adverse Inference and to Apply Law Equally to Bafford and Correct Due Process Violations" (Dkt. 354), "Motion to Correct Fifth Amendment Violations, Motion to Re-Open Case for all Defendants, Motion to Rule 41(D) Unconstitutional and Motion to Enter Order Preventing All Electronic Transmissions to Attorneys Until Pro Se Have Same Privileges Obsta Principiis" (Dkt. 355), and "Motion to Withdraw Order 352 as a Violation of Fifth Amendment Rights and to Enter Determination on Motion to Reconsider Filed on December 17, 2007 and Motion to Enter Ruling on Reopening Case" (Dkt. 358).

8:06-cv-657. (Dkt. 9). Significantly, for purposes of the instant case, Plaintiff was warned: "Should Plaintiff attempt to file a new action involving the same questions of law or fact as those in Case No. 8:06-cv-657, the case will be subject to *sua sponte* dismissal." (Case No. 8:06-cv-1556, Dkt. 9 at 2).

After Case No. 8:04-cv-1502 was dismissed by Judge Moody, Plaintiff filed a lawsuit in state court bringing related claims arising from these same facts.[3] On October 20, 2006, Plaintiff filed a Notice of Removal of his own state court action (8:06-cv-1940). The Honorable Richard A. Lazarra *sua sponte* remanded the case to state court, for lack of subject matter jurisdiction. (Dkt. 6).

2.   *The Current Action*

On April 17, 2008, Plaintiff filed the instant case (8:08-cv-724). Judge Lazarra transferred the case to this Court on April 17, 2008 pursuant to Local Rule 1.04. In this action, Plaintiff again brings claims pursuant to 42 U.S.C. §1981 and § 1982 (Count I) and for specific performance (Counts II and III). Plaintiff iterates his argument that Defendants agreed not to contest issues regarding the sale of property and that this agreement was reduced to writing by the state court. (Dkt. 1, ¶ 15). In Count I, Plaintiff alleges that "this court is without jurisdiction to overturn or disrupt" the purported state court agreement. (Dkt. 1, ¶ 23). Plaintiff therefore requests that this Court enter judgment in favor him and order Township "to enter into a written contract to convey, and to convey to BAFFORD, the property at issue in this complaint." (Dkt. 1, ¶ 24).

In Counts II and III, Plaintiff also requests an order compelling Township to sell the subject

---

[3] Plaintiff has initiated numerous state court actions related to the subject property, including at least two actions in the Thirteenth Judicial Circuit in and for Hillsborough County (04-4230, 05-5712), two administrative actions with the Florida Commission on Human Rights (04-3272, 25-91671-H), two actions with the Florida Division of Administrative Hearings (05-4562, 05-4563), and numerous appeals with the Florida Second District Court of Appeals (2D06-552, 2D05-1576, 2D06-394) and the Eleventh Circuit Court of Appeals. (Dkts. 4, 14, 16).

property to Plaintiff. (Dkt. 1, ¶¶ 25-31). Plaintiff alleges that he had an agreement to purchase the subject property, that Township destroyed the original contracts to prevent him from proving their existence, and that he is entitled to specific performance of the destroyed contract. (Dkt. 1, ¶¶ 14, 17). These claims are essentially the same claims previously adjudicated by this Court in Case No.8:06-cv-657.

## *Discussion*

### *1. Plaintiff's Complaint is subject to sua sponte dismissal with prejudice*

District courts have inherent power to dismiss frivolous lawsuits with prejudice, without prior notice to the parties. *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico*, Inc., 695 F.2d 524, 526 (11th Cir. 1983); *Davis v. Kvalheim*, 2008 WL 67676, at *3 (11th Cir. Jan. 8, 2008). The instant Complaint is patently frivolous, vexatious, and harassing and *sua sponte* dismissal with prejudice is therefore warranted.

Plaintiff's claim pursuant to § 1981 and § 1982 (Count I) is without any arguable merit. Plaintiff does not state a separate claim for relief, but instead merely argues that this Court was without jurisdiction to disrupt the purported "state court agreement." As set forth above, this precise argument was previously considered and rejected in the Court's November 30, 2007 Order on the parties cross-motions for summary judgment. (Case No. 8:06-cv-657, Dkt. 332 at 18-21). Plaintiff's disagreement with that decision does not now support an independent claim for relief. Rather, Plaintiff's only recognized remedies were filing a motion for reconsideration and notice of appeal, both of which Plaintiff did. The Complaint in the instant case is an astounding attempt by Plaintiff to seek yet another ruling on the facts of his case, in direct contravention of the Federal Rules of Civil Procedure and this Court's orders. Plaintiff's § 1981 and § 1982 claims have been fully, fairly,

and finally adjudicated.

Plaintiff's claims for specific performance (Counts II and III) were previously dismissed with prejudice in Case No. 8:06-cv-657 (Dkt. 127). The Court entertained and rejected Plaintiff's motion to amend to add specific performance claims. (Dkt. 244). Again, Plaintiff's current specific performance claims can only be characterized as an attempt to circumvent this Court's previous rulings.

The only substantive change in this case is the inclusion of additional Defendants, all of whom are either related to the original defendants or involved in some capacity with the aborted Township Apartments transaction. There are no substantive allegations of wrongdoing against any Defendant other than Township. Plaintiff's requested relief is against Township. (Dkt. 1, ¶¶ 24, 28, 31). Plaintiff's shotgun inclusion of additional named Defendants does not serve to cure the patently frivolous nature of the claims. Indeed, it illustrates the necessity of restraining Plaintiff's future ability to pursue harassing and frivolous litigation.

For the foregoing reasons, the Court finds that Plaintiff's Complaint is subject to *sua sponte* dismissal with prejudice, as patently frivolous, harassing, and vexatious.

## 2. *Plaintiff is directed to show cause why he should not be subject to a Martin-Trigona injunction*

*Martin-Trigona* injunctions are entered to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Injunctive relief is appropriate to curtail abuses by a litigant who has a history of litigation involving duplicative claims, "vexation, harassment and needless expense" and "unnecessary burden on the courts." *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1262 (2d Cir. 1984).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *see also Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991); *Martin-Trigona v. Lavien*, 737 F.2d at 1261. This protection comes in various forms, including injunctions requiring pre-filing screening. *Martin-Trigona v. Shaw*, 986 F.2d at 1387-88. Injunctive relief may be entered so long as the litigant is not "completely foreclosed from *any* access to the court." *Procup*, 792 F.2d at 1074 (emphasis in original).

In addition to being duplicative, Plaintiff's lawsuits have caused unnecessary burden on this Court. None has proven meritorious. Plaintiff's history of filing non-meritorious, duplicative lawsuits in which he assaults the Court and the parties with a barrage of frivolous filings constitutes vexation, harassment and needless burden on the Court as well as the parties. *See Martin-Trigona v. Lavien*, 737 F.2d at 1262. Before the *sua sponte* issuance of a *Martin-Trigona* injunction, however, Plaintiff is entitled to notice and an opportunity to respond. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). Accordingly, Plaintiff is directed to show cause in writing within **eleven (11) days** of the date of this Order why he should not be enjoined from: (1) filing any future lawsuit related to the sale of the subject property; and (2) filing any future lawsuit without leave of this Court.

*Conclusion*

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1) The Complaint (Dkt. 1) is **DISMISSED WITH PREJUDICE.**

2) Plaintiff is directed to show cause in writing within **eleven (11) days** of the date of this Order why he should not be enjoined from: (1) filing any future lawsuit related to the sale of

7

the subject property; and (2) filing any future lawsuit without leave of this Court. Plaintiff is limited to one filing not to exceed **ten (10) pages**, including any attachments.

   3) <u>The Clerk shall not accept any additional filings from Plaintiff in this case, except for: (a) a proper response to the instant Order to Show Cause and (b) a Notice of Appeal</u>.

   4) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 22nd day of April, 2008.

                    JAMES D. WHITTEMORE
                    United States District Judge

Copies to:
Counsel of Record